1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CONTENT INTERACTIVE LLC,

        Plaintiff,

    v.

COX COMMUNICATIONS, INC., et al.

        Defendants.

Case No. 2:11-cv-00314-ECR-CWH

**[PROPOSED] STIPULATED PROTECTIVE ORDER IN A PATENT CASE**

**JURY TRIAL DEMANDED**

**Proceedings and Information Governed.**

    1.    This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c) and governs any Discovery Materials designated as Confidential, Confidential Outside Counsel Only, and Highly Restricted Confidential - Source Code as those terms are defined below, furnished by Plaintiff or a Defendant (each hereinafter a "Party") to any other Party in the above styled and numbered case and any adjunct subpoena proceedings incident hereto before any tribunal (the "Litigation"). This Protective Order further applies to any non-party ("Third Party") who produces documents or things in connection with this Litigation regardless of whether such production is made pursuant to subpoena.

**Definitions.**

    2.    (a) "Discovery Materials" means anything produced or provided by any Party to another Party or by any Third Party to a Party in this Litigation, including, but not limited to, documents, things, deposition testimony, responses to interrogatories,

responses to requests for admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, source code, and other writings or things produced, given, served, or filed in this Litigation, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

(b)   "Producing Party" or "Designating Party" means a Party to this Litigation, or any Third Party, on behalf of which documents, things, or information are furnished, produced, or disclosed, whether voluntarily or in response to a request for discovery or by court order, during the course of this Litigation.

(c)   "Receiving Party" means a Party to which documents, things, or information are furnished, disclosed, or produced during the course of this Litigation.

(d)   A designation of "Confidential" shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential.

(e)   A designation of "Confidential Outside Counsel Only" shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, information that the Producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive or trade secret information.

(f)   A designation of "Highly Restricted Confidential - Source Code" shall mean that the Discovery Material so designated includes source code or other electronic

files used in network operations, comments for source code or network operation files, or revision histories.

**Designation and Maintenance of Information.**

3.     Confidential, Confidential Outside Counsel Only, and Highly Restricted Confidential - Source Code information does not include, and this Protective Order does not apply to (1) information that is already lawfully in the knowledge or possession of the Receiving Party, unless that Party is already bound by agreement not to disclose such information, (2) information that has been disclosed to the general public in a manner making such information no longer confidential, (3) information that the Receiving Party can show was obtained (without any benefit or use of confidential Discovery Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality, (4) information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's confidential Discovery Material, or (5) information that was submitted to a governmental entity without request for confidential treatment.

4.     Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(d) above may be designated by the Producing Party as containing Confidential information by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**

5.      Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(e) above may be designated by the Producing Party as containing Confidential Outside Counsel Only information by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL**

**OUTSIDE COUNSEL ONLY SUBJECT TO PROTECTIVE ORDER"**

6.      Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(f) above may be designated by the Producing Party as containing Highly Restricted Confidential - Source Code Information by placing on each page and each thing a legend substantially as follows:

"HIGHLY RESTRICTED CONFIDENTIAL - SOURCE CODE" or "HIGHLY RESTRICTED CONFIDENTIAL - SOURCE CODE SUBJECT TO PROTECTIVE ORDER"

7.      In the event that a Party chooses to produce documents in native format, the designation may be made by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for

example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

8.     A Party may designate Discovery Materials disclosed at a deposition as Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any Party will have twenty-one (21) calendar days after receipt of the deposition transcript to designate, in writing to the other Parties and to the court reporter, whether the transcript or any portion thereof is to be designated as Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code. During this twenty-one (21) calendar day period, the transcript must be treated as Confidential Outside Counsel Only, unless the Producing Party consents to less confidential treatment of all or some of the transcript. If no such designation is made at the time of the deposition or within this twenty-one (21) calendar day period, the entire deposition will be considered devoid of Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code information. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of outside counsel of record for each Party to maintain materials containing Confidential, Confidential Outside Counsel Only, or

Highly Restricted Confidential - Source Code information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

9.    In the case of written discovery responses and the information contained therein, the responses may be designated as containing Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code information by means of a statement at the conclusion of each response that contains such information specifying the level of confidentiality and by placing a legend on the front page of such discovery responses stating: CONTAINS [the highest level of designation contained in the answers] INFORMATION.

**Inadvertent Failure to Designate or Claim Privilege.**

10.    The inadvertent failure to designate Discovery Materials in accordance with this Protective Order or to withhold information, documents, or other things as subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity, privilege, or exemption from discovery, will not be deemed to waive a later claim as to its confidential or privileged nature.

11.    In the case of a failure to designate Discovery Materials under the Protective Order, such failure shall not preclude the Producing Party from making appropriate designations at a later date in writing and with particularity. The newly designated information must be treated by any Receiving Party in accordance with its new designation from the time the Receiving Party is notified in writing of the change. If, prior to receiving such notice, the Receiving Party has disseminated the Discovery Materials to individuals not authorized to receive it hereunder, it shall make a reasonable

effort to retrieve the Discovery Materials or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Discovery Materials, but shall have no other responsibility or obligation with respect to the information disseminated.

12.    If a Producing Party inadvertently discloses to a Receiving Party information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise privileged or immune from discovery, the Producing Party shall promptly, upon learning of such disclosure, so advise the Receiving Party in writing. Should the Receiving Party reasonably believe that the Producing Party inadvertently produced privileged Discovery Materials, the Receiving Party shall promptly notify the Producing Party in writing. The Producing Party shall respond within five (5) business days confirming the privilege status of the Discovery Materials in question. If the Producing Party notifies the Receiving Party that the inadvertently produced Discovery Materials are privileged, then within five (5) business days of receipt of the notice the Receiving Party shall return or destroy all copies of the identified Discovery Materials, including those that have been shared with experts, consultants, and vendors, and confirm in writing that all such documents or information have been returned or destroyed. The Producing Party shall provide a privilege log for the inadvertently produced materials within ten (10) business days of its original notice to the Receiving Party. No Party to this Litigation shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity. The Receiving Party returning such inadvertently produced Discovery Materials may move the court for an Order compelling production of such documents in

accordance with the Federal Rules of Civil Procedure (based on information independent of the content of the allegedly privileged materials in question).  The motion shall be filed under seal and shall not assert that the inadvertent production by the Producing Party waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity. Outside counsel of record shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are over-written in the normal course of business.

**Challenge to Designations.**

13.    A Receiving Party may challenge a Producing Party's designation of information as Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation. A Receiving Party that elects to initiate a challenge must do so in good faith and explain in writing the basis for its belief that the confidentiality designation was improper. The Producing Party will then have fourteen (14) calendar days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this fourteen (14) calendar day time-frame, the Receiving Party may at any time thereafter seek an Order from the Court that specified information or

categories of information are not properly designated as Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code. Until any dispute under this paragraph is ruled upon by the Court, the Producing Party's designation will remain in full force and effect, and the information will continue to be accorded the designated level of confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

14.     Absent agreement in writing by the Producing Party or Order of the Court, information designated as Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code may only be used for purposes of preparation, trial, and appeal of this Litigation. This Protective Order has no effect upon and shall not apply to (a) any Producing Party's use of its own Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code materials for any purpose, (b) any use of documents or other information developed or obtained independently of discovery in this Litigation for any purpose, or (c) non-confidential documents produced in this Litigation.

15.     Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to a Party-client in this Litigation and, in the course thereof, relying generally on Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code information; provided, however, that counsel shall not disclose, reveal or describe any such materials in a manner not specifically authorized (if authorized at all) under this Protective Order.

16.     Subject to paragraphs 21 and 22 below, and except as prohibited by paragraph 14 above, information designated Confidential may be disclosed by the

Receiving Party only to the following individuals, provided that such individuals agree to be bound by the terms of this Protective Order: (a) no more than two (2) in-house attorneys of a Party who act in a legal capacity for the Receiving Party (or an affiliate thereof in the case of a corporate Party), who are responsible for supervising this Litigation and are identified in paragraph 17 below; (b) outside counsel of record for the Receiving Party; (c) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) independent experts or consultants and employees and assistants under the control of such expert or consultant, who (i) is engaged by outside counsel of record in this action, whether or not such expert or consultant is paid directly by a Party, and (ii) is not employed by or associated with a Party, other than by the Producing Party, provided however that disclosure to such persons shall be made only on the conditions set forth in paragraph 21 below; (e) any persons requested by outside counsel of record to furnish services such as document coding, image scanning, translation services, court reporting services, demonstrative exhibit preparation, the creation of a computer database from documents for outside counsel of record's use only, and non-technical jury or trial consulting services (expressly excluding mock jurors); and (f) the court and its personnel.

17.     Documents designated as Confidential may be disclosed and disseminated to Marcus Delgado, in-house counsel for Cox Communications, Inc., Elizabeth Nelson, in-house counsel for Palms Casino Resort, and Karlton Butts and Edward Treska, in-house counsel for Content Interactive LLC.  In the event that in-house counsel identified herein is no longer responsible for supervising this Litigation and a Party wishes to

disclose Confidential documents to in-house counsel not identified herein, the Party seeking to amend this paragraph shall notify opposing counsel of the name and affiliation of such in-house counsel.  Opposing counsel shall have ten (10) business days after receipt of such notice to object to disclosure of Confidential documents to the proposed in-house counsel.  During the pendency of the ten (10) day notice period, the proposed in-house counsel shall not have access to Confidential documents.

18.   Subject to paragraphs 21 and 22 below, and except as prohibited by paragraph 14 above, information designated as Confidential Outside Counsel Only may be disclosed by the Receiving Party only to the individuals identified in paragraphs 16(b), 16(c), 16(d), 16(e), and 16(f) above, provided that such individuals agree to be bound by the terms of this Protective Order.

19.   Highly Restricted Confidential - Source Code material and any information contained therein may be disclosed only to the following persons and in strict accordance with the following procedures:

a.    Highly Restricted Confidential - Source Code Material, to the extent in electronic format, will be provided on a standalone computer with all ports, software, and other avenues that could be used to copy or transfer such data blocked ("Standalone Computer").   The Standalone Computer shall be maintained in the sole control and custody of counsel of record for the producing party and shall be maintained in the United States at an office of counsel of record for the producing party in Las Vegas, Nevada, or at such other location as shall be mutually agreed to by the parties.

b.    Highly Restricted Confidential - Source Code Material, to the extent

- 11 -

not in electronic format, shall be designated in the manner provided in paragraph 6 above.

      c.    Only persons designated under paragraphs 16(b) and 16(d) above shall have access to the Standalone Computer provided however that the following additional restrictions shall apply to such access:

      (i)    at least ten (10) business days prior to the date on which access is sought to such Standalone Computer, counsel of record for the Receiving Party shall provide a list of individuals including attorneys seeking to access such Standalone Computer and the Producing Party shall have the right to object to such access in accordance with paragraph 21 herein;

      (ii)    during the pendency of the ten day notice period, no listed individual shall have access to the Standalone Computer;

      (iii)    if an objection to any specific listed individual is made, that individual shall not have access to the Standalone Computer until resolution of such objection; and

      (iv)    each time a person accesses the Standalone Computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone Computer including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

      d.    The Receiving Party shall not have the right to, and agrees not to, copy, transmit or duplicate Highly Restricted Confidential - Source Code materials in any manner, including scanning or otherwise creating an electronic image of the Highly Restricted Confidential - Source Code materials, except as set forth herein.

(i)    A printer shall be attached to the Standalone Computer and the Receiving Party shall make no more than 1000 total pages of hard copies of Highly Restricted Confidential - Source Code material it in good faith considers to be necessary to proving elements of its case.  In the event that the Receiving Party in good faith believes that it must exceed the 1000 total page limit of hard copies of Restricted Confidential – Source Code material in order to prove elements of its case, it shall request consent from the Producing Party prior to exceeding the page limit.  Such consent shall not be unreasonably withheld.

(ii)    Whenever hard copies are made, copies of the hard copies shall be provided to counsel for the Producing Party along with an identification of when the copies were made and who made them.

(iii)    Any hard copies shall be conspicuously marked Highly Restricted Confidential - Source Code in conformity with paragraph 6 above.

(iv)    Receiving Party shall keep a log including:  (a) the custodian of each copy of any Highly Restricted Confidential - Source Code materials; (b) the names of all persons accessing the Highly Restricted Confidential - Source Code materials; and (c) the date and time of access of the Highly Restricted Confidential - Source Code materials.

e.    All Highly Restricted Confidential - Source Code materials, including all copies, in the possession of the receiving party shall be maintained in a secured, locked area.

f.    All Highly Restricted Confidential - Source Code materials utilized

during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time, will any Highly Restricted Confidential - Source Code material be given to or left with the Court Reporter or any other individual.

g.      Receiving Party shall not convert any of the information contained in the hard copies into an electronic format.

20.      Individuals (including without limitation outside counsel, experts, and consultants) who review or otherwise learn of technical information designated Confidential Outside Counsel Only or Highly Restricted Confidential - Source Code under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application pertaining to systems for distributing video content to users in one or more separate locations, including those related to residential or commercial (e.g., hotel) VOD  systems, as may be contained in the Confidential Outside Counsel Only or Highly Restricted Confidential – Source Code information actually reviewed or otherwise learned by such individuals; provided that nothing in this paragraph shall operate to preclude any such individual from making non-confidential information available for potential submission to the United States Patent and Trademark Office.  This prohibition shall begin when the Confidential Outside Counsel Only or Highly Restricted Confidential – Source Code information is first reviewed or learned by the affected individual, and shall end within two (2) years from disclosure of the technical information or one (1) year after conclusion of the litigation (including any appeals), whichever period is longer.  This prosecution bar is personal to the individuals

who review or otherwise learn of such Confidential Outside Counsel Only/Highly Restricted Confidential – Source Code materials and shall not be imputed to any other person or entity who has not reviewed or otherwise learned of such materials. To ensure compliance with the purpose of this provision, those individuals who actually review or otherwise learn of the technical information designated Confidential Outside Counsel Only or Highly Restricted Confidential – Source Code shall not discuss the subject matter of such technical information with those individuals who prepare, prosecute, supervise or assist in the prosecution of any patent application pertaining to the same or substantially the same subject matter of the patent-in-suit, as described above.

21.    Prior to disclosing Confidential, Confidential Outside Counsel Only or Highly Restricted Confidential - Source Code information to a Receiving Party's proposed expert or consultant, the Receiving Party must provide to the Producing Party (a) a signed Confidentiality Agreement in the form attached to this Protective Order as Exhibit A, (b) the resume or curriculum vitae of the proposed expert or consultant, including identifying the proposed expert's or consultant's current employer, (c) the proposed expert's or consultant's current and past consulting relationships in the industry, and (d) a listing of cases in which the proposed expert or consultant has testified as an expert at trial or by deposition within the preceding four years preceding the date on which the expert or consultant executes Exhibit A. The Producing Party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10)

business days constitutes approval. If the Parties are unable to resolve any objection, the Receiving Party may apply to the Court to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the Producing Party, or, if any objection is made, until the Parties have resolved the objection or the Court has ruled upon any resultant motion.

22.    Outside counsel of record is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Outside counsel of record may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B, but failure to obtain an executed copy of Exhibit B from a third-party vendor shall not absolve (a) the third-party vendor from abiding by the terms of this Protective Order; or (b) outside counsel of record from ensuring compliance with this Protective Order by third-party vendors.

23.    At a deposition or trial, Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code information may be disclosed to a person who is not already allowed access to such information under this Protective Order if: (a) the information was previously received or authored by the person or, subject to timely objection including objection that such person is not internally authorized to receive such information, was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); or (b) outside counsel of record for the Party designating the material agrees in writing that the material may be disclosed to the person. Disclosure of material

pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Disclosure to Witnesses.**

24.    (a) Any person currently employed by a Party, retained as an expert witness by a Party, or designated by a Party as a witness under Fed. R. Civ. P. 30(b)(6) may be examined upon deposition concerning any Discovery Materials designated by such Party as Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code.

(b)    Any person other than those identified in paragraph 23(a) who is or may be a witness may be examined upon deposition concerning any Discovery Materials marked Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code, only if the document or other Discovery Material indicates on its face that the person was an author, addressee or recipient of the document, the document came from such person's files, or prior deposition testimony reveals that the person was provided with or had access to the document, or if the witness is someone entitled to see the document pursuant to paragraphs 16, 17, 18 or 19 above.

**Non-Party Information.**

25.    The existence of this Protective Order must be disclosed to any Third Party producing Discovery Materials in the Litigation who may reasonably be expected to desire confidential treatment for such Discovery Materials. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

26.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Confidential, or Confidential Outside Counsel Only, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

**No Prejudice.**

27.     Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any Party that any particular Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code Discovery Materials contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material; or (f) operate as an admission by any Party that any particular Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code information is admissible.

**Conclusion of Litigation.**

28.     Within sixty (60) calendar days after entry of final judgment in this Litigation, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement or otherwise, each Party or other person

subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all Discovery Materials containing Confidential, Confidential Outside Counsel Only or Highly Restricted Confidential - Source Code information, and to certify to the Producing Party that this destruction or return has been completed. However, outside counsel of record for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

29.     By entering this Protective Order and limiting the disclosure of Discovery Materials in this Litigation, the Court does not intend to preclude this or another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who may be subject to a motion to disclose another Party's information designated under this Protective Order must promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

30.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold Parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

31.     Any Party may petition the Court for good cause shown if the Party desires relief from a term or condition of this Protective Order.

Dated:   November 3, 2011                    Stipulated to by:


                                             _____/s Brandon C. Fernald_____
                                             Brandon C. Fernald (Nevada Bar #10582)
                                             FERNALD LAW GROUP LLP
                                             2300 West Sahara Ave., Suite 800
                                             Las Vegas, Nevada 89102
                                             (702) 410-7500/FAX (702) 410-7520
                                             brandon.fernald@fernaldlawgroup.com

                                             (admitted *pro hac vice*)
                                             Edward E. Casto, Jr. Esq.
                                             Ryan P. Griffin, Esq.
                                             NELSON BUMGARDNER CASTO, P.C.
                                             3131 West 7th St., Suite 300
                                             Fort Worth, Texas 76107
                                             Tel:  (817) 377-9111
                                             Fax:   (817) 377-3485
                                             Email:   ecasto@nbclaw.net
                                                         rgriffin@nbclaw.net


Dated:   November 3, 2011                    Stipulated to by:


                                             _____/s Ryan A Loosevelt_____
                                             Ryan A. Loosevelt (SBN 8550)
                                             **DUANE MORRIS LLP**
                                             100 North City Parkway, Suite 1560
                                             Las Vegas, NV 89106
                                             Tel: (702) 868-2600; Fax: (702) 385-6862
                                             Email: dcanderson@duanemorris.com
                                             rloosvelt@duanemorris.com

                                             Joseph A. Powers
                                             *Admitted Pro Hac Vice*
                                             **DUANE MORRIS LLP**
                                             30 South 17th Street
                                             Philadelphia, PA 19103
                                             Tel: (215) 979-1000; Fax: (215) 979-1020
                                             Email: japowers@duanemorris.com

                                             L. Norwood Jameson
                                             Matthew C. Gaudet
                                             Jennifer H. Forté
                                             *Admitted Pro Hac Vice*
                                             **DUANE MORRIS LLP**
                                             1180 West Peachtree Street NW, Suite 700

Atlanta, GA 30309
Tel: (404) 253-6900; Fax: (404) 253-6901
Email: wjameson@duanemorris.com
       mcgaudet@duanemorris.com

**IT IS SO ORDERED.**

DATED: November 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CONTENT INTERACTIVE LLC,

          Plaintiff,

      v.

COX COMMUNICATIONS, INC., et al.

          Defendants.

Case No. 2:11-cv-00314-ECR-PAL

**PROTECTIVE ORDER IN A PATENT CASE**

**JURY TRIAL DEMANDED**

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT FOR EXPERT OR CONSULTANT OF ANY PARTY

I, _____ [print or type full name], of _____ hereby affirm that:

Information, including documents and things designated as "Confidential," "Confidential Outside Counsel Only," or Highly Restricted Confidential - Source Code as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential, Confidential Outside Counsel Only, or Highly Restricted Confidential - Source Code information disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court. I also agree to notify any stenographic, clerical or

1  technical personnel who are required to assist me of the terms of this Protective Order

2  and of its binding effect on them and me.

3      Pursuant to paragraph 21 of the attached Protective Order, I have attached (a) my

4  current resume or curriculum vitae, which identifies my current employer, (b) my current

5  and past consulting relationships in the industry, and (c) a listing of cases in which I have

6  testified as an expert at trial or by deposition within the preceding four years.

7      I understand that I am to retain all documents or materials designated as or

8  containing Confidential, Confidential Outside Counsel Only, or Highly Restricted

9  Confidential - Source Code information in a secure manner, and that all such documents

10  and materials are to remain in my personal custody until the completion of my assigned

11  duties in this matter, whereupon all such documents and materials, including all copies

12  thereof, and any writings prepared by me containing any Confidential, Confidential

13  Outside Counsel Only, or Highly Restricted Confidential - Source Code information are

14  to be returned to counsel who provided me with such documents and materials.

15

16

DATED: _____

17

CITY, STATE WHERE SWORN AND SIGNED: _____

18

PRINTED NAME: _____

19

SIGNATURE: _____

20

21

22

23

24

25

26

27

28

- 2 -

# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CONTENT INTERACTIVE LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>COX COMMUNICATIONS, INC., et al.<br><br>               Defendants. | Case No. 2:11-cv-00314-ECR-PAL<br><br>**PROTECTIVE ORDER IN A PATENT CASE**<br><br><br><br>**JURY TRIAL DEMANDED** |

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I, _____ [print or type full name],

of _____ hereby affirm that:

Information, including documents and things designated as "Confidential" or "Confidential Outside Counsel Only," as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential or Confidential Outside Counsel Only information disclosed to me pursuant to the Protective Order except for purposes of this Litigation and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.

1

DATED: _____

2

CITY, STATE WHERE SWORN AND SIGNED: _____

3

PRINTED NAME: _____

4

SIGNATURE: _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28